UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FULTON Q. GRIFFITH,

            Plaintiff,

-vs-                                      Case No.  8:06-cv-691-T-17TGW

PROSECUTOR DEBRA JOHNS,

            Defendant.
_____/

**ORDER**

Pro se prisoner filed an unsigned civil rights case pursuant to 42 U.S.C. § 1983 and motion to leave to proceed in forma pauperis . In his complaint, Griffith does not raise any claims against the defendant. In fact, her name is not mentioned in the factual recitation of the form. However, he does allege that the prosecution was brought in bad faith.

Plaintiff seeks as relief to have this Court issue a declaratory judgment that the state failed to establish probable cause[1]; and an injunction, apparently for the purpose of Plaintiff's release from incarceration.

DISCUSSION

Plaintiff's complaint must be dismissed for several reasons. First, his claims are in the nature of habeas corpus.

---

[1] [for his arrest, based on a flawed identification procedure]; that the affidavit (attachment No. 1 to the complaint is true, warranting a declaratory judgment.

Second, defendant Johns enjoys prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409 (1976) (Prosecutors are immune from a civil suit for damages for alleged deprivations of Plaintiff's constitutional rights under 42 U.S.C. § 1983).

Finally, Plaintiff's claims are barred by the statute of limitations. Plaintiff's claims accrued on or about December 1, 1995, and continued into early 1996, according to his complaint. The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Georgia Pardons and Paroles Board, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted). The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under Wilson, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3).

For the above reasons, the Court orders:

1. That Plaintiff's complaint is dismissed. The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. That Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied. Plaintiff is assessed the 350.00 filing fee. This assessment amounts to placing a lien on Plaintiff's prisoner account pursuant to the Prison Litigation Reform Act, and the Department of Corrections shall place a lien on the inmate's trust account for court costs and filing fees due. The Clerk is directed to send a copy of this order to Inmate Accounting

1711 Mahan Drive, Tallahassee, FL 32308 Attention: Jeffrey R. Straley and to Veronica Wold, Government Operations Consultant.

ORDERED at Tampa, Florida, on April 24, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Fulton Q. Griffith